IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JUDEAU S. BROWN, JR., | : |
| Plaintiff, | : |
| | : |
| v. | : Civ. No. 20-062-CFC |
| | : |
| OFFICER COSTELLO, et al., | : |
| | : |
| Defendants. | : |

---

Judeau S. Brown, Jr., James T. Vaughn Correctional Center, Smyrna, Delaware, Pro Se Plaintiff.

**MEMORANDUM OPINION**

June 1, 2020
Wilmington, Delaware

**CONNOLLY, U.S. District Judge:**

## I. INTRODUCTION

Plaintiff Judeau S. Brown ("Plaintiff"), an inmate at the James T. Vaughn Correctional Center ("JTVCC") in Smyrna, Delaware, filed this action pursuant to 42 U.S.C. § 1983 against the Delaware Department of Corrections and Corrections Officer Costello.[1] (D.I. 3) Plaintiff appears *pro se* and has been granted leave to proceed *in forma pauperis.* (D.I. 6) Plaintiff seeks issuance of a subpoena to obtain video evidence and requests counsel. (D.I. 5, 8) The Court proceeds to review and screen the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(b) and § 1915A(a).

## II. BACKGROUND

Defendant Officer Costello, a female, was present during a routine strip search on October 26, 2019. (D.I. 3 at 5) Plaintiff alleges that Costello "made verbal epithets stating, that [Plaintiff] had a 'Hairy ass and a little penis.'" (*Id.*) Plaintiff filed a PREA (*i.e.*, Prison Rape Elimination Act) complaint describing Costello's conduct. (*Id.*) Plaintiff alleges that he "suffered sexual abuse and humility and had to receive mental health services," and that the incident left him "emotionally scarred forever." (*Id.*) Finally, Plaintiff alleges that according to Department of Correction policy, female guards are not supposed to be present during the strip search of a male inmate. (*Id.*)

Plaintiff seeks compensatory damages or time served for his prior cooperation with police. (*Id.* at 8)

---

[1] When bringing a § 1983 claim, a plaintiff must allege that some person has deprived him of a federal right, and that the person who caused the deprivation acted under color of state law. *See West v. Atkins,* 487 U.S. 42, 48 (1988).

## III. LEGAL STANDARDS

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013). *See also* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from a governmental defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. at 94 (citations omitted).

A complaint is not automatically frivolous because it fails to state a claim. *See Dooley v. Wetzel*, 957 F.3d. 366, 374 (3d Cir. 2020) (quoting *Neitzke v. Williams*, 490 U.S. 319, 331 (1989)); *see also Grayson v. Mayview State Hosp.*, 293 F.3d 103, 112 (3d Cir. 2002). "Rather, a claim is frivolous only where it depends 'on an "indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario.'" *Dooley v. Wetzel*, 957 F.3d at 374 (quoting *Mitchell v. Horn*, 318 F.3d 523, 530 (2003) and *Neitzke*, 490 U.S. at 327-28).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) and § 1915A(b)(1) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. §§ 1915 and 1915A, the Court must grant Plaintiff leave to amend the complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d at 114.

A complaint may be dismissed only if, accepting the well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court concludes that those allegations "could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007). Though "detailed factual allegations" are not required, a complaint must do more than simply provide "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 241 (3d Cir. 2014) (internal quotation marks omitted). In addition, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *See Williams v. BASF Catalysts LLC*, 765 F.3d 306, 315 (3d Cir. 2014) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) and *Twombly*, 550 U.S. at 570). Finally, a plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, 574 U.S. 10 (2014). A complaint may not be dismissed for imperfect statements of the legal theory supporting the claim asserted. *See id.* at 10.

A court reviewing the sufficiency of a complaint must take three steps: (1) take note of the elements the plaintiff must plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) assume the veracity of any well-pleaded factual allegations and then determine whether those allegations plausibly give rise to an entitlement to relief. *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016) (internal citations and quotations omitted). Elements are sufficiently alleged when the facts in the complaint "show" that the plaintiff is entitled to relief. *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

## IV. DISCUSSION

### A. Eleventh Amendment Immunity

The JTVCC is part of the Delaware Department of Corrections, which, as an agency of the State of Delaware, is immune from suit. *See Jones v. Sussex Correctional Institute*, 725 F. App'x 157, 159 (3d Cir. 2017).

The Eleventh Amendment protects states and their agencies and departments from suit in federal court regardless of the kind of relief sought. *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). "Absent a state's consent, the Eleventh Amendment bars a civil rights suit in federal court that names the state as a defendant." *Laskaris v. Thornburgh*, 661 F.2d 23, 25 (3d Cir. 1981) (citing *Alabama v. Pugh*, 438 U.S. 781 (1978)). Delaware has not waived its immunity from suit in federal court; although Congress can abrogate a state's sovereign immunity, it did not do so through the enactment of 42 U.S.C. § 1983. *See Jones*, 725 F. App'x at 159-160;

*Brooks-McCollum v. Delaware*, 213 F. App'x 92, 94 (3d Cir. 2007). In addition, dismissal is proper because the Department of Corrections is not a person for purposes of § 1983. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71(1989); *Calhoun v. Young*, 288 F. App'x 47 (3d Cir. 2008).

Accordingly, the Department of Corrections will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii) and § 1915A(b)(2) based upon its immunity from suit.

**B. Sexual Assault**

Plaintiff alleges sexual assault occurred when Costello, a female, was present during a routine stripe search, and she made "verbal epithets" about his physique. Verbal abuse or harassment, however, even of a lewd variety, is not actionable under 42 U.S.C. § 1983. *See Matthews v. Norristown State Hosp.*, 528 F. App'x 115, 119 (3d Cir. 2013); *Aleem-X v. Westcott*, 347 F. App'x 731 (3d Cir. 2009).

Our Circuit recognizes that sexual abuse of an inmate by a corrections officer may violate the Eighth Amendment. *See Ricks v. Shover*, 891 F.3d 468, 473 (3d Cir. 2018). "[T]he incident must be objectively, sufficiently intolerable and cruel, capable of causing harm, and the official must have a culpable state of mind," and "a single incident, if sufficiently serious or severe, can run afoul of the Eighth Amendment as surely as can multiple, less egregious incidents." *Id.* at 475, 477; *see also Drumgo v. Kuschel*, __ F. App'x ___, 2020 WL 2316047, at *2 (3d Cir. May 11, 2020)

Although Plaintiff uses the words "sexual assault," there are no allegations that he was touched by Costello. Plaintiff alleges instead that Costello spoke to him in a crude manner and that she should not have been present under DOC regulations. As alleged, the claim is legally frivolous and will be dismissed.

In addition, Plaintiff's claim also fails to the extent he alleges the violation of the Department of Corrections' strip search policies. "To establish liability under 42 U.S.C. § 1983, a plaintiff must show that the defendants, acting under color of law, violated the plaintiff's federal constitutional or statutory rights, and thereby caused the complained of injury." *Elmore v. Cleary*, 399 F.3d 279, 281 (3d Cir. 2005). "[Section] 1983 merely provides a mechanism for enforcing individual rights 'secured' elsewhere" (*i.e.*, rights independently secured by the Constitution and laws of the United States. *Gonzaga Univ. v. Doe*, 536 U.S. 273, 285 (2002). Federal and state regulations such as the Department of Corrections' policies do not give rise to a liberty interest. *See Rambert v. Beard*, 2012 WL 760619, at *13 (M.D. Pa. Mar. 7, 2012). The Department of Corrections policy at issue is neither a provision in the Constitution nor a federal law. The alleged failure to follow the strip search policy, as described by Plaintiff, is not itself a violation subject to § 1983. Therefore, the claim will be dismissed as frivolous.

## V. CONCLUSION

For the above reasons, the Court will: (1) deny as moot Plaintiff's request for issuance of a subpoena (D.I. 5); (2) deny as moot Plaintiff's request for counsel (D.I. 8); and (3) dismiss the Complaint as frivolous based upon immunity from suit pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (iii) and § 1915A(b)(1) and (2).

An appropriate order will be entered.